Argued May 4, affirmed as modified May 20, petition for
rehearing denied June 3, 1959

## WELLS *v.* LEWIS ET AL

339 P. 2d 430

*Kenneth M. Abraham,* Hood River, argued the cause and filed briefs for appellant.

*Lamar Tooze,* Portland, argued the cause for respondent and cross-appellant Herbert D. Lewis. On the brief was John F. Cushman, Hood River.

*Teunis J. Wyers,* Hood River, argued the cause and filed a brief for respondent and cross-appellant Oscar Stenberg.

Before McALLISTER, Chief Justice, and ROSSMAN, LUSK, WARNER, PERRY, CRAWFORD and MILLARD, Justices.

PER CURIAM.

This is an appeal from a decree in a partnership accounting, wherein the plaintiff, Dr. Wells, appeals and the defendants, Doctors Lewis and Stenberg, cross-appeal from the decree.

The parties are doctors engaged in the practice of medicine at Hood River, Oregon. From April 15, 1947, to July 1, 1950, Doctors Lewis and Wells were co-partners. On the last date a new partnership was formed which included the defendant Dr. Stenberg. The latter agreed to pay for his one-third interest in the partnership $17,616.84, payable over a period of five years from his share of the earnings, in varying amounts, annually, together with interest at 6 per cent.

The new partnership created as of July 1, 1950, continued to April 1, 1956, when it was dissolved upon written notice jointly given by Doctors Lewis and Stenberg. Subsequent to that time, the last two named persons have continued their medical practice on the premises previously occupied by the three parties to the appeal.

By stipulation of April 6, 1956, Doctors Lewis and Stenberg retained and used the original office and medical equipment and fixtures and therein valued at $8,000, less equipment taken by Dr. Wells of the value of $810.88. Doctors Lewis and Stenberg also

retained for their use various medicines and office supplies of expendable character of a stipulated value of $3,000. The foregoing items; that is, the equipment valued at $8,000 and supplies of the value of $3,000, together with accounts receivable of $129,767.55, represented the only assets of the partnership as of April 1, 1956.

By the stipulation of April 6, 1956, the collections of accounts receivable made by the parties were to be deposited in The First National Bank of Portland, Hood River Branch, in a joint account to the credit of these doctors, and there held awaiting final partnership settlement. As of the date of the decree, $59,086.02 had been accumulated in this account from that source, made through the offices of Doctors Lewis and Stenberg. No question arises as to these collections, except as to the amount to be allowed to Doctors Lewis and Stenberg for this service. The trial court placed the figure at $2,500 as a reasonable charge. Dr. Wells claims that Doctors Lewis and Stenberg are entitled to no fee, and the latter claim they should have credit for an amount substantially in excess of $2,500. We find that $2,500 allowed by the court is fair and reasonable compensation.

The record discloses that notwithstanding that the stipulation contemplated that all collections made should have been deposited in the bank, Dr. Wells collected $791.75, which, as of the date of the decree, he had failed to place in the joint bank account. If he has since failed to do so, this amount should be charged against his interest on final distribution of the assets.

■ Dr. Wells directs our attention to Paragraph VII of the Conclusions of Law which holds that Dr. Sten-

berg was obligated to pay interest on the balance of the purchase price of his original one-third interest, together with interest at 6 per cent "from July 1, 1951, to *April 1, 1956*" (the date of dissolution). That conclusion, including the language employed in Paragraph 9 of the decree by the court, is viewed by Dr. Lewis as terminating Dr. Stenberg's obligation to pay interest after April 1, 1956. If such was the intent of the trial judge, then we hold to the contrary. We agree, as found by the court, that Dr. Stenberg's initial obligation was $17,616.84, notwithstanding Dr. Stenberg's representations to the contrary; that he made a payment to the principal amount of $360.61 as of August 16, 1951, together with all interest accrued as of July 1, 1951; that he has paid nothing to principal or interest since the payment made in August, 1951, leaving a balance of $17,256.23 owing to Doctors Wells and Lewis, together with interest at 6 per cent on that amount from July 1, 1951, until paid. The decree should be modified to clearly indicate this to be the status of Dr. Stenberg's obligation.

It is the contention of the defendants, Doctors Lewis and Stenberg, on their cross-appeal that the trial court erred in failing to debit the distributive share of Dr. Wells in the amount of $1,223.14, as being the sum of withdrawals made by Dr. Wells from the partnership capital and profits in excess of those made by Dr. Lewis, whose rights in this respect were at parity with those of Dr. Wells. We find that this assignment is well taken. It is supported by plaintiff's Exhibit 1 (p 5); Exhibit 5, the partnership general ledger; and Exhibit 9, monthly operating statements, all kept or made by Mr. John Arens, who was the partnership accountant during the existence of the partnership and in whom all parties apparently repose great confidence.

From these records it is apparent that Dr. Wells was overdrawn in the amount of $845.87 as of the end of 1955, and had a further overdraft of $377.30 during 1956, making a total of $1,223.17 as of April 1, 1956. He should be charged with this amount.

■ Relying on *Wickstrom v. Davis*, 211 Or 254, 315 P2d 597, Dr. Wells seeks to surcharge Doctors Lewis and Stenberg with interest on the value of his undivided one-third interest in the equipment and supplies retained by them on dissolution. By the same token, he would have to pay interest on the portion retained by him. But we read the stipulation of the parties made on April 6, 1956, as an authorized partial distribution of the assets to the several partners as to the supplies and equipment retained or taken and, therefore, decline to add any interest charge for the period since such division was made. The decree, however, by Paragraphs 6 and 7 correctly charges or credits, as the case may be, the values of these properties as between the doctors for the properties involved in that distribution.

Because of apparent equitable considerations we decline to assess any other interest charges as may have been requested by any of the parties.

We find no merit in any of the other assignments of error advanced by plaintiff or the defendants as cross-appellants other than those to which we have above made reference.

Except as modified by this opinion, the decree of the trial court will be affirmed. Each party will pay his own costs.